244

(No. 1158—)

WILLIAM COX BY PAUL P. THOMPSON, HIS CONSERVATOR, Claimant,
vs. STATE OF ILLINOIS, Respondent.

*Opinion filed March 28, 1929.*

*Rehearing denied May 9, 1929.*

L. E. STONE, for claimant.

OSCAR E. CARLSTROM, Attorney General; ROY D. JOHNSON, Assistant Attorney General, for respondent.

Mr. JUSTICE THOMAS delivered the opinion of the court:

This claim is for $554.53 paid by Frank J. Heinl, conservator of claimant, to the managing officer of the State Hospital for the Insane at Peoria. It is alleged that Heinl paid the money March 23, 1914, and that he was at that time the conservator of Cox and paid it for the maintenance of his ward at the hospital. It is further alleged that the law under which the payment was made was held unconstitutional by the Supreme Court on April 19, 1917, and that Heinl filed a claim in this court for an award against the State for the same money which was denied.

The Attorney General has filed a general and special demurrer to claimant's declaration. The demurrer will have to be sustained, as the declaration does not state such facts as entitle claimant to an award. So far as this declaration shows, Heinl may not have charged claimant with the amount paid the hospital. If he did not, then there could be nothing due claimant from the State. This court will not assume the facts necessary to support an award, they must be alleged and proven. The demurrer is sustained.

We will also say we are not impressed with the justice of this claim. Heinl filed suit in this court for an award in his favor for this same money. In that case he made oath that he paid this money himself and asked to be reimbursed for it himself. He did not claim it had been paid out of his

ward's funds and did not ask for an award in favor of his ward. He alleged he had paid the money March 23, 1914, and he did not bring suit in this court against the State until July 2, 1926, twelve years after the payment. The opinion denying his claim was filed January 19, 1927. He resigned as conservator in February, 1927, and this present suit was filed March 8, 1927. No explanation of these facts is set forth in the declaration.

If Heinl paid the money out of his own funds, as he alleged in his suit, then the present claimant has suffered no loss and is entitled to no award. If he wrongfully paid the money out of claimant's estate, he and his bondsmen are liable to claimant for it, and claimant is not injured thereby.

Claimant can not be used as a cat's-paw to assist Heinl to get money from the State which, under the law he is not entitled to.

The cause is, therefore, dismissed.

On May 9, 1929, upon petition for rehearing the following additional opinion was filed:

Per Curiam: This cause coming on for rehearing upon petition of claimant filed on April 22, 1929, and the court, having sufficiently reviewed the matter brought upon said petition, and that it appearing that said petition should be denied,

It is therefore considered by the court, that the said petition be, and the same is hereby denied.